ABRAHAM STEINBERG et al., Respondents, v. MAURICE GUILD et al., Defendants, and I. ERIC LEEF, Appellant.— Order entered on June 25, 1964 denying the motion of the defendant I. Eric Leef for dismissal of the first cause of action directed against him, affirmed, on the law and on the facts, with $30

costs and disbursements to the respondents. Plaintiffs were limited partners in a real estate syndicate which purchased property at 446 Kingston Avenue, Brooklyn, New York. Defendant Leef was the attorney for the owners and sellers of the property to the syndicate. The complaint alleges that the defendant Leef. and other defendants devised a scheme whereby the purchase price was increased to include a purchase-money second mortgage in the sum of $480,000 which mortgage was sold immediately following the sale to defendant Yenem Investors, Inc., for the sum of $400,000 which corporation was controlled by the defendants Rappaports. The complaint further alleges that the defendant Leef conspired with other defendants to change and predate the purchase contract to include the purchase-money second mortgage at its face value of $480,000 but concealed the arrangement to thereafter discount it for $400,000 which facts were omitted from the prepared advertising material and brochure distributed to the general public soliciting subscriptions to the syndicate. The alleged conduct of the defendant Leef is sufficient to sustain the complaint setting forth a cause of action for fraud. Concur — Valente, Stevens, Steuer and Staley, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to reverse the order appealed from and to dismiss the complaint as against defendant Leef. Considering, as I must, only the allegations asserted against Leef, as distinguished from those alleged against other defendants, I reach the conclusion that no cause of action is made out against him. At most, Leef is charged with the affirmative acts of having participated in the cancellation of the original contract of sale and in the execution and backdating of a new contract, all with knowledge of the prospective formation of the limited partnership, and the fact that the general partners intended not to disclose such information to the limited partners. By way of omission he would appear to be charged with having failed to inform the plaintiffs of the circumstances surrounding the purchase-money mortgage, knowing the general partners would not do so. The plaintiffs fail to make out a cause of action against Leef with respect to the acts of omission in that there is nothing alleged to establish any fiduciary relationship between Leef and the plaintiffs which would give rise to a duty to act. Consequently, even if Leef had the information he is alleged to have had, nonetheless he was under no obligation to disclose it to the plaintiffs. Indeed, it was not his concern as to whether or not notice of the circumstances surrounding the terms of the sale would be given to the plaintiffs. Nor do the allegations of the complaint charging him with affirmative acts, i.e., participation in the making and the backdating of the new contract of sale, suffice to make out a cause against him. Leef was the attorney for the sellers and any duty he owed was to them and not to the plaintiffs. I cannot perceive how his participation in the transaction — as attorney for his clients — renders him liable as a conspirator to a group of persons then not yet determined, and to whom he owed no duty. Mere participation in the acts which may have made possible the alleged fraud does not make this defendant liable. In order to properly plead a cause of action in conspiracy against Leef, it is essential that he be charged with an intention to join in the plan to defraud the plaintiffs (*Place* v. *Minster*, 65 N. Y. 89, 95; 8 N. Y. Jur., Conspiracy, § 2). I find no such charge properly pleaded in this complaint. As I view the complaint it is a rather patent effort to involve as defendants any and all persons who had some connection — no matter how innocent or peripheral — with any aspect of the transaction wherein the plaintiffs were allegedly injured. In my opinion Leef's alleged conduct is not such as to put him within the reach of plaintiffs' net.